IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 1:26-cv-02588

OTTO ARCHIVE, LLC,

     Plaintiff,

v.

HAVENLY, INC. d/b/a THE INSIDE BY
HAVENLY,

     Defendant.

## COMPLAINT

Plaintiff OTTO Archive, LLC ("Plaintiff") sues Havenly, Inc. d/b/a The Inside by Havenly ("Defendant"), and alleges as follows:

## THE PARTIES

1. Plaintiff is a limited liability company organized and existing under the laws of the State of New York with its principal place of business located in New York County, New York.

2. Defendant is a corporation organized and existing under the laws of the State of Delaware with its principal place of business located at 3200 E Cherry Creek South Drive, Denver, Colorado 80209. Defendant's agent for service of process is Colorado Registered Agents Inc, 1500 N Grant Street, Suite R, Denver, CO 80203.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4. This Court has personal jurisdiction over Defendant because it has maintained sufficient minimum contacts with this State such that the exercise of personal jurisdiction over it

would not offend traditional notions of fair play and substantial justice.

5.      Venue properly lies in this district pursuant to 28 U.S.C. § 1400(a) because Defendant or its agents reside or may be found in this district. "A defendant 'may be found' in any judicial district to which he would be subject to personal jurisdiction." Allison v. Wise, 621 F. Supp. 2d 1114, 1118 (D. Colo. 2007); see also McGregor v. In Tune Music Grp., No. 15-62044-CIV-ZLOCH, 2016 U.S. Dist. LEXIS 190302, at *11 (S.D. Fla. July 29, 2016) ("In other words, 'if a court has personal jurisdiction over the defendants in a copyright infringement action, venue in that court's district is proper.'") (quoting Store Decor Div. of Jas Int'l, Inc. v. Stylex Worldwide Indus., Ltd., 767 F. Supp. 181, 185 (N.D. Ill. 1991)).

## FACTS

### I.      Plaintiff's Business and History

7.      Plaintiff is a global photography distribution network representing over 30 master contemporary photographers. Plaintiff licenses design, architectural and interior imagery of preeminent architects and designers. Its collection also features unique locations, landscapes, and industrial images.

8.      With an unparalleled focus on customer focus and premiere imagery, Plaintiff's commitment to clients and photographers sets it apart from other agencies.

9.      Plaintiff provides the environment, business sensibilities, and experience within syndication that its clients seek as an alternative to traditional corporate agencies.

10.      Plaintiff maintains a commercial website (https://www.ottoarchive.com/) which describes the photography services offered by Plaintiff, offers a list of the photographers it represents including a sample of some of their imagery, and invites prospective customers to contact Plaintiff to arrange for licensing.

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL 33065
TELEPHONE (877) 437-6228

## II.     The Work at Issue in this Lawsuit

11.     William Waldron, Bjorn Wallander, and Eric Piasecki are some of the many renowned photographers represented by Plaintiff.

12.     Mr. Waldron is a professional photographer who resides in New York City and the Hudson Valley.  He has been a passionate photographer since childhood and spent his spare time in a basement darkroom. Mr. Waldron was educated at the University of Minnesota and the Brooks Institute of Photography in Santa Barbara, California.  He moved to New York in 1981 determined to work for the legendary photographer Art Kane.  After some years working as a photo assistant in New York, in 1985 he traveled to northern Mexico and photographed both Tarahumara Indians and the Mennonites of Chihuahua.  Returning to New York with a determination to earn a living taking photographs, his pictures began to draw assignments from influential magazines and commercial clients in the United States and Europe. Cultivating a keen interest in interior spaces, Mr. Waldron became an internationally known interiors photographer.  His work regularly appears in magazines such as *Elle Decor, Architectural Digest, Vogue, The New York Times, and Vanity Fair* amongst many others. Mr. Waldron's personal work is largely concerned with the vernacular forms of the inhabited landscape, and the inherently sensuous nature of quietude.  His photographs often contemplate the quiet and occasionally lonely spaces of introspection and illustrate his idea that the height of beauty invariably contains a hint of melancholy. Mr. Waldron's work is in numerous private and corporate collections.

13.     Mr. Wallander dedicates much of his craft to portrait and interior photography, and over the last decade has contributed to publications including Architectural Digest, Elle Décor, Harper's Bazaar, WSJ Magazine, Vogue Brazil, Casa Vogue, Man of the World, Departures, Veranda, Martha Stewart, Oprah, House Beautiful, New York Magazine, Flaunt, Dwell, and Real Simple. He has also shot for Ralph Lauren, American Express, Tribeca Film Festival, Thompson

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

Hotels, Shelborne Hotel, Wedgwood, Infiniti and Pottery Barn.

14. Mr. Piasecki is a Cape Cod native who is based in New Mexico and New York City. He contributes regularly to *Elle Decor, Architectural Digest, House Beautiful*, among other magazines nationally and internationally. Advertising clients include Shade Store, Marriott Hotels, Williams Sonoma, Cowtan and Tout, Sub Zero/Wolf and others. Mr. Piasecki has photographed monographs for designer/architects Peter Pennoyer and Katie Ridder, Steven Gambrel, Juan Montoya, Thom Filicia, Cullman & Kravis, and Timothy Corrigan. His work can be appreciated in two design Books: "*The New Naturalists: Inside the Homes of Creative Collectors*", and "*More is More: Memphis, Maximalism, and New Wave Design*". It can also be found regularly in *Architectural Digest*, *Clever and Domino*, *Dwell*, *Wallpaper\**, and *Elle Décor*.

15. Mr. Waldron created two (2) professional interior photographs of varying interior living room designs titled "OT1197337" (the "First Photograph") and "OT1209874" (the "Second Photograph").

16. Mr. Waldron is the owner of the First Photograph and Second Photograph and has remained the owner at all times material hereto.

17. Mr. Wallander created one (1) professional photograph of a colorful interior design titled "OT246584" (the "Third Photograph").

18. Mr. Wallander is the owner of the Third Photograph and has remained the owner at all times material hereto.

19. Mr. Piasecki created a professional photograph of a bathroom titled "OT1289334" (the "Fourth Photograph").

20. Mr. Piasecki is the owner of the Fourth Photograph and has remained the owner at all times material hereto.

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL 33065
TELEPHONE (877) 437-6228

21.     The First Photograph, the Second Photograph, the Third Photograph, and the Fourth Photograph are collectively referred to herein as the "Work."

22.     Attached hereto as **Exhibit "A"** is a spreadsheet which identifies each photograph comprising the Work, the corresponding U.S. Copyright Office registration number for such photograph, and one or more screenshots of the alleged infringement of such photograph.

23.     Each photograph comprising the Work was registered by its respective photographer/owner with the Register of Copyrights and was assigned a registration number thereby. True and correct copies of the Certificates of Registration pertaining to the Work are attached hereto as **Exhibit "B."**

24.     For all times relevant to this action, Plaintiff and the above-named photographer(s) were parties to one or more written agreements whereby such photographer(s) conveyed to Plaintiff certain exclusive rights in the Work, including but not limited to the exclusive right to reproduce the Work in copies and the exclusive right to distribute copies of the Work to the public by sale and/or licensing.  Such written agreement(s) likewise convey the exclusive right to pursue any infringements of the Work, whether such infringements arose prior to execution of the written agreement(s) or thereafter. As such, Plaintiff is entitled to institute and maintain this action for copyright infringement.  See 17 U.S.C. § 501(b).

### III.    Defendant's Unlawful Activities

25.     Defendant owns and operates a virtual interior design platform.

26.     Defendant advertises/markets its business through its websites (https://www.theinside.com and https://havenly.com/), social media (e.g., https://www.facebook.com/shoptheinside/, https://www.instagram.com/theinside/, https://cl.pinterest.com/shoptheinside/, https://x.com/shoptheinside, and

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

https://www.youtube.com/channel/UCjh2OIkUTgPlk8Uz6fBIIZw/featured), and other forms of advertising.

27. True and correct copies of screenshots of Defendant's website, webpage, social media, and/or printed media, displaying the copyrighted Work, are included in Exhibit "A" hereto.

28. Defendant is not and has never been licensed to use or display the Work. Defendant never contacted Plaintiff to seek permission to use the Work in connection with Defendant's website, webpage, social media, and/or printed media – even though the Work that was copied is clearly professional photography that would put Defendant on notice that the Work was not intended for public use.

29. Defendant utilized the Work for commercial use.

30. Upon information and belief, Defendant located a copy of the Work on the internet and, rather than contact Plaintiff to secure a license, simply copied the Work for its own commercial use.

31. Through its ongoing diligent efforts to identify unauthorized use of its photographs, Plaintiff's earliest discovery of Defendant's unauthorized use/display of at least one photograph comprising the Work was in July 2023.

32. All conditions precedent to this action have been performed or have been waived.

## COUNT I – COPYRIGHT INFRINGEMENT
*First Photograph and Third Photograph*

33. Plaintiff re-alleges and incorporates paragraphs 1 through 32 as set forth above.

34. Each of the First Photograph and Third Photograph is an original work of authorship, embodying copyrightable subject matter, that is subject to the full protection of the United States copyright laws (17 U.S.C. § 101 *et seq.*).

35. Mr. Waldron owns a valid copyright in the First Photograph, having registered such

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

photograph with the Register of Copyrights.

36.     Mr. Wallander owns a valid copyright in the Third Photograph, having registered such photograph with the Register of Copyrights.

37.     Plaintiff has standing to bring this lawsuit and assert the claim(s) herein as it has sufficient rights, title, and interest to such copyrights (as Plaintiff was conveyed the above-described exclusive rights to reproduce and distribute the First Photograph and Third Photograph by the subject photographer(s)).

38.     As a result of Plaintiff's reproduction, distribution, and public display of the First Photograph and Third Photograph, Defendant had access to the First Photograph and Third Photograph prior to its own reproduction, distribution, and public display of the First Photograph and Third Photograph on Defendant's website, webpage, social media, and/or printed media.

39.     Defendant reproduced, distributed, displayed, and/or publicly displayed the First Photograph and Third Photograph without authorization from Plaintiff.

40.      By its actions, Defendant infringed and violated Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. § 501.  Defendant's infringement was either direct, vicarious, and/or contributory.

41.     Defendant's infringement was willful as it acted with actual knowledge or reckless disregard for whether its conduct infringed upon Plaintiff's copyright. Notably, Defendant itself utilizes a copyright disclaimer on its website ("© 2026 The Inside. All rights reserved." and "2026 Havenly Inc., All Rights Reserved."), indicating that Defendant understands the importance of copyright protection/intellectual property rights and is actually representing that it owns each of the photographs published on its website.  See, e.g., Bell v. ROI Prop. Grp. Mgmt., LLC, No. 1:18-cv-00043-TWP-DLP, 2018 U.S. Dist. LEXIS 127717, at *3 (S.D. Ind. July 31, 2018)

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

("[T]he willfulness of ROI's infringement is evidenced by the fact that at the bottom of the webpage on which the Indianapolis photograph was unlawfully published appeared the following: 'Copyright © 2017.' By placing a copyright mark at the bottom of its webpage that contained Mr. Bell's copyrighted Indianapolis Photograph, Mr. Bell asserts ROI willfully infringed his copyright by claiming that it owned the copyright to everything on the webpage; John Perez Graphics & Design, LLC v. Green Tree Inv. Grp., Inc., Civil Action No. 3:12-cv-4194-M, 2013 U.S. Dist. LEXIS 61928, at *12-13 (N.D. Tex. May 1, 2013) ("Once on Defendant's website, Defendant asserted ownership of Plaintiff's Registered Work by including a copyright notice at the bottom of the page. Based on these allegations, the Court finds Plaintiff has sufficiently pled a willful violation…."). Defendant clearly understands that professional photography such as the Work is generally paid for and cannot simply be copied from the internet.

42.    Defendant's willfulness is further demonstrated by the fact that Defendant has refused and/or failed to remove the First Photograph and Third Photograph from its website notwithstanding multiple communications sent to Defendant (via Federal Express, e-mail, and telephone) notifying it of the infringement and demanding that the Work be removed from Defendant's website. See, e.g. Prepared Food Photos, Inc. v. Perry Wings Plus, Inc., No. 22-CV-61883-RAR, 2022 U.S. Dist. LEXIS 227304, at *10 (S.D. Fla. Dec. 19, 2022) ("Defendant's refusal to remove Plaintiff's Work after nearly a dozen communication attempts demonstrates Defendant's willfulness."); Burch v. Nyarko, 2007 U.S. Dist. LEXIS 55345, at *3 (S.D.N.Y. July 30, 2007) ("Nyarko's conduct throughout this action - reflected in his refusal to talk to Plaintiff, to remove the photographs promptly from the website, and to respond to this suit - supported a finding of willfulness under 17 U.S.C. § 504(c)(2)."); Schwabel v. HPT Serv., LLC, No. 3:17-cv-791-J-34JBT, 2018 U.S. Dist. LEXIS 171820, at *10 n.8 (M.D. Fla. Sep. 6, 2018) ("Because

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL 33065
TELEPHONE (877) 437-6228

Defendant failed to remove the Photograph from the subject sites after Plaintiff demanded that he do so, the undersigned recommends that the infringements were willful."). As of the date of this filing, the First Photograph and Third Photograph are still published on Defendant's website.

43.    Plaintiff has been damaged as a direct and proximate result of Defendant's infringement.

44.    Plaintiff is entitled to recover its actual damages resulting from Defendant's unauthorized use of the First Photograph and Third Photograph and, at Plaintiff's election (pursuant to 17 U.S.C. § 504(b)), Plaintiff is entitled to recover damages based on a disgorgement of Defendant's profits from infringement of the First Photograph and Third Photograph, which amounts shall be proven at trial.

45.    Alternatively, and at Plaintiff's election, Plaintiff is entitled to statutory damages pursuant to 17 U.S.C. § 504(c), in such amount as deemed proper by the Court.

46.    Pursuant to 17 U.S.C. § 505, Plaintiff is further entitled to recover its costs and attorneys' fees as a result of Defendant's conduct.

47.    Defendant's conduct has caused, and any continued infringing conduct will continue to cause, irreparable injury to Plaintiff unless enjoined by the Court.  Plaintiff has no adequate remedy at law.  Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

a.  A declaration that Defendant has infringed Plaintiff's copyrights in the First Photograph and Third Photograph;

b.  A declaration that such infringement is willful;

c.  An award of actual damages and disgorgement of profits as the Court deems proper or, at

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

Plaintiff's election, an award of statutory damages for each of the First Photograph and Third Photograph;

d.  Awarding Plaintiff its costs and reasonable attorneys' fees pursuant to 17 U.S.C. § 505;

e.  Awarding Plaintiff interest, including prejudgment interest, on the foregoing amounts;

f.  Permanently enjoining Defendant, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Defendant, from directly or indirectly infringing Plaintiff's copyrights or continuing to display, transfer, advertise, reproduce, or otherwise market any works derived from the First Photograph and Third Photograph or to participate or assist in any such activity; and

g.  For such other relief as the Court deems just and proper.

## COUNT II – COPYRIGHT INFRINGEMENT
*Second Photograph and Fourth Photograph*

49.  Plaintiff re-alleges and incorporates paragraphs 1 through 32 as set forth above.

50.  Each of the Second Photograph and Fourth Photograph is an original work of authorship, embodying copyrightable subject matter, that is subject to the full protection of the United States copyright laws (17 U.S.C. § 101 et seq.).

51.  Mr. Wallander owns a valid copyright in the Second Photograph, having registered such photograph with the Register of Copyrights.

52.  Mr. Piasecki owns a valid copyright in the Fourth Photograph, having registered such photograph with the Register of Copyrights.

53.  Plaintiff has standing to bring this lawsuit and assert the claim(s) herein as it has sufficient rights, title, and interest to such copyrights (as Plaintiff was conveyed the above-described exclusive rights to reproduce and distribute the Second Photograph and Fourth

10

Photograph by the subject photographer(s)).

54.     As a result of Plaintiff's reproduction, distribution, and public display of the Second Photograph and Fourth Photograph, Defendant had access to the Second Photograph and Fourth Photograph prior to its own reproduction, distribution, and public display of the Second Photograph and Fourth Photograph on its website, webpage, and/or social media.

55.     Defendant reproduced, distributed, and/or publicly displayed the Second Photograph and Fourth Photograph without authorization from Plaintiff.

56.     By its actions, Defendant infringed and violated Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. § 501.  Defendant's infringement was either direct, vicarious, and/or contributory.

57.     Plaintiff has been damaged as a direct and proximate result of Defendant's infringement.

58.     Plaintiff is entitled to recover its actual damages resulting from Defendant's unauthorized use of the Second Photograph and Fourth Photograph and, at Plaintiff's election (pursuant to 17 U.S.C. § 504(b)), Plaintiff is entitled to recover damages based on a disgorgement of Defendant's profits from infringement of the Second Photograph and Fourth Photograph, which amounts shall be proven at trial.

59.     Defendant's conduct has caused, and any continued infringing conduct will continue to cause irreparable injury to Plaintiff unless enjoined by the Court. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

h. A declaration that Defendant has infringed Plaintiff's copyrights in the Second Photograph

11

and Fourth Photograph;

i.  An award of actual damages and disgorgement of profits as the Court deems proper;

j.  Awarding Plaintiff its costs pursuant to 17 U.S.C. § 505;

k.  Awarding Plaintiff interest, including prejudgment interest, on the foregoing amounts;

l.  Permanently enjoining Defendant, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Defendant, from directly or indirectly infringing Plaintiff's copyrights or continuing to display, transfer, advertise, reproduce, or otherwise market any works derived or copied from the Second Photograph and Fourth Photograph or to participate or assist in any such activity; and

m.  For such other relief as the Court deems just and proper.

Dated: June 11, 2026.                     COPYCAT LEGAL PLLC
                                          3111 N. University Drive
                                          Suite 301
                                          Coral Springs, FL 33065
                                          Telephone: (877) 437-6228
                                          dan@copycatlegal.com

                                          By: /s/ Daniel DeSouza
                                              Daniel DeSouza, Esq.

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228